Defendant Larry Buchanan has appealed from a judgment of the Summit County Common Pleas Court that ordered him, as a sexually oriented offender, to submit to the registration requirements of Chapter 2950 of the Ohio Revised Code. He has argued that those requirements are unconstitutional retroactive laws and ex postfacto laws. This Court affirms the judgment of the trial court.
 I.
Defendant was convicted and sentenced for rape during 1990. On January 27, 1998, at the request of the Ohio Department of Corrections, defendant was brought before the trial court for a sexual predator hearing, pursuant to Section 2950.09(C) of the Ohio Revised Code. Defendant moved the trial court to dismiss those proceedings. The trial court denied the motion.
The trial court did not find that defendant was a sexual predator. Instead, the trial court ruled that defendant was a sexually oriented offender. Accordingly, the trial court ordered defendant to submit to the registration requirements of Chapter 2950 of the Ohio Revised Code. Defendant timely appealed that judgment to this Court.
II.
 The trial court erred in denying [defendant's] motion to dismiss and in finding that [he] was a "sexually oriented offender" subject to the reporting requirements of R.C. 2950.01 et seq. as the imposition of such classification and reporting requirements is unconstitutional as applied to [defendant], who had been convicted and sentenced before the enactment of these statutes.
Defendant has argued that the registration requirements of Chapter 2950 of the Ohio Revised Code are improper retroactive laws, in violation of the Ohio Constitution, and improper ex postfacto law, in violation of the United States Constitution. Chapter 2950 imposes registration requirements on defendants convicted of sexually oriented offenses. Rape, the crime for which defendant was convicted in this case, is a sexually oriented offense. Section 2950.01(D) of the Ohio Revised Code.
A defendant who has been convicted of or pleaded guilty to a sexually oriented offense must, following his release from prison or confinement, register and periodically verify his residence with the Sheriff of the county in which he resides or is temporarily domiciled. See Sections 2950.04 through 2950.07 of the Ohio Revised Code. This duty arises regardless of whether a sexual predator hearing is held pursuant to Section 2950.09 and regardless of whether he is adjudicated as a sexual predator.State v. Rimmer (Apr. 29, 1998), Lorain App. No. 97CA006795, unreported, at 3. In this case, defendant, previously convicted of a sexually oriented offense, was obligated to register with the Sheriff pursuant to Section 2950.04 of the Ohio Revised Code following his release from prison.
Defendant has relied upon State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported, to argue that the registration requirements of Chapter 2950 are unconstitutional. The Ohio Supreme Court, however, reversed the holding in that opinion. SeeState v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus. The Court in Cook ruled that the registration requirements imposed on a defendant adjudicated as a sexual predator pursuant to Section 2950.09(B) of the Ohio Revised Code are not unconstitutional retroactive law or ex post facto laws. This Court extended Cook's holding to defendants adjudicated as sexual predators pursuant to Section 2950.09(C). State v.DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported, at 2.
Defendant was not adjudicated a sexual predator in this case, but he was still subject to the registration requirements of Chapter 2950. This Court concludes that, because the Ohio Supreme Court has ruled that the registration requirements imposed on those adjudicated as sexual predators do not violate the Ohio or United States constitutions, the registration requirements imposed on defendant as a "sexually oriented offender" do not violate the Ohio or United States constitutions.
Accordingly, the registration requirements of Chapter 2950 of the Ohio Revised Code are not unconstitutional. Defendant's assignment of error is overruled.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT
BAIRD, P. J.
CARR, J.
CONCUR